IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 97-22293-BKC-PGH
CHAPTER 7

99-6625 CIV-ZLOCH

MAGISTRATE JUDGE SELTZER

IN RE:

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.
23-7281293,

Debtor.

_____/

## MOTION FOR REVIEW PURSUANT TO RULE 87.4(C)(D), GENERAL RULES OF PROCEDURE

WESTWOOD COMMUNITY TWO ASSOCIATION, INC., Debtor, by and through its undersigned attorney, moves this Honorable Court to review an order based upon a creditors ore tenus motion, dated April 20, 1999, and in support thereof would show unto the Court, the following:

1. The Debtor is a Florida not-for-profit corporation formed in 1973 for the purpose of conducting the functions of a homeowners' association for the Westwood Community Two subdivision in Tamarac, Florida.

2. The members of the homeowners' association consist of all lot owners within the designated subdivision.

3. The Debtor is responsible for maintaining the community center, the grass areas surrounding the community center, the pool, and any other facilities located at the community center.



4. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on April 16, 1997. John Barbee is the duly appointed and qualified Chapter 7 Trustee.

5. The Debtor corporation and its homeowners are <u>the real party in interest regarding each</u> and every claim as shown by the Trustee's objection to the claims listed in his objection to claims, as such, has a right to respond to such claims.

6. On February 17, 1998 the undersigned attorney was appointed by the Honorable Paul C. Hyman, Jr., United States Bankruptcy Judge, as the person responsible for performing the duties of the Debtor corporation. (A copy of the order is attached hereto as Exhibit "A".)

7. On or about August 25, 1997 three creditors filed proofs of claim in the aggregate amount of 11/4 million dollars.

8. On or about the 11th day of May, 1998, the Trustee served and filed objections to the claims. (A copy of the Trustee's objection to the claims is attached hereto as Exhibit "B".)

9. On June 10, 1998, the creditors through Fredric C. Buresh, their attorney, filed a response, and in the response stated that the Trustee's attorney was supplied with documentation to substantiate their claims. (Exhibit "C")

10. This attorney immediately called John L. Walsh, the Trustee's attorney and requested permission to review the documentation <u>and was told that he never received any documentation from Mr. Buresh or any other attorney.</u>

11. An Order Setting Final Hearing on the Trustee's objections to claims was set for <u>calendar call</u> on April 19, 1999 at the United States Bankruptcy Court, in Miami, Florida. This Order stated:

"   No later than Friday, April 16, 1999, the parties shall exchange and file with the Court, their proposed written opening statements and at least two (2) set of bound and pre-marked exhibits together with an exhibit register. Sufficient copies of the above referenced documents must be provided so that a set is available for each party, the witnesses, and the Judge, as required by Local Rule 9070-1.

The Parties shall bring at least two (2) courtesy copies of any pleadings, motions, or other documents filed on or after April 9, 1999, to the hearing.   "

(A photo copy of the order is attached hereto as Exhibit "D".)

12. Immediately after receiving a copy of the order, this attorney called John Walsh and suggested that he meet with several homeowners and this attorney to review the documentation. He agreed and four (4) homeowners and this attorney went to his office on April 15, 1999. He told our group of homeowners that as of that day, April 12, 1999 he

never received any documentation from the creditor's attorney or any other attorney.

13. He promised to immediately inform us in the event he received any documentation. <u>He never did.</u>

14. He did tell me at that meeting that there was no need for me to appear in Court on April 19, 1999 because it was only a <u>calendar call</u> and he would let me know when to appear for trial.

15. <u>This attorney, the Debtor corporation, and its homeowners, never received or reviewed any documentation or exhibits prior to the actual hearing, during the hearing, or after the hearing.</u>

16. The Trustee's attorney refused to permit this attorney to cross-examine any witness or produce any witness or introduce any documentation to rebut the creditor's claims.

17. On May 19, 1999, 30 days after the calendar call, this attorney received via U.S. Mail, from a party who is not in the Bankruptcy case, an order signed by the Bankruptcy Judge in Miami alleging that the Debtor corporation had engaged in discrimination housing practices in violation of Florida and Federal Fair Housing Statutes. (A photocopy of the order is attached hereto as Exhibit "E".)

18. Apparently, the creditors' attorney at calendar call on April 19, 1999 made an <u>ore tenus</u> motion for judgment

on the pleadings on the issue of liability on behalf of one creditor.

19. It is also apparent that the Trustee's attorney did not oppose the motion.

20. <u>This attorney was not in court to respond to the motion. He was not advised and did not receive and notice from either attorney that a motion on liability would be argued via an ore tenus motion before the court at calendar call.</u>

21. This attorney was never served with any exhibits, an exhibit register or copies of documents, as required by Local Rule 9070-1 and Judge C. Hyman's order dated March 16, 1999.

22. This attorney has no recollection of any pleading in the Bankruptcy file that would ultimately determine the issue of liability or violation of the Federal Fair Housing Act.

23. As a result of the ore tenus motion being granted without the Debtor's attorney present to oppose, the Debtor corporation and its homeowners were denied due process.

24. A copy of the ore tenus order was never served or received by this attorney from the Trustee's attorney or the creditor's attorney and the time to appeal has lapsed.

**WHEREFORE,** in the interest of Justice, the undersigned attorney, on behalf of the Debtor corporation and its homeowners, respectfully request this Court to review the order of the Bankruptcy Court dated April 20, 1999, to order

John Walsh and Fredric C. Buresh to furnished the undersigned attorney with a transcript of the ore tenus motion, a copy of all the pleadings, and exhibits filed with the Court in Miami, order a new hearing, and if appropriate, grant the Debtor corporation leave to appeal.

RESPECTFULLY SUBMITTED,

_____
EDWARD KLEIN, ESQ.
ATTORNEY FOR DEBTOR
CORPORATION
1322 N.E. 4th Avenue
Suite E
Ft. Lauderdale, FL 33304
(954) 768-9116
Florida Bar No.: 0650897

### CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a copy of the foregoing was furnished by regular U.S. Mail to FREDRIC C. BURESH, ESQ., 707 S.E. 3rd Avenue, Ft. Lauderdale, Florida 33308; JOHN L. WALSH, ESQ., 4300 N. University Drive, Suite A-205, Ft. Lauderdale, Florida 33351; and SANDRA J. BABEY, ESQ., 1401 University Drive, Coral Springs, Florida 33071 this 21' day of May, 1999.

_____
EDWARD KLEIN, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,
23-7281293,

Case No. 97-22293-BKC-PGH
Chapter 7

    Debtor.
_____/

### ORDER DESIGNATING EDWARD KLEIN AS THE PERSON RESPONSIBLE FOR PERFORMING THE DUTIES OF THE DEBTOR

THIS MATTER came before the Court on February 17, 1998 for a hearing on the Trustee's Motion to Designate Edward Klein as the person responsible for perfoming the duties of the Debtor. The Court having reviewed the Motion and the case file, considered the argument and representations of counsel, and being otherwise fully advised in the premises, it is

ORDERED that the Trustee's Motion is granted. Edward Klein is designated as the person responsible for performing the duties of the Debtor.

DONE AND ORDERED in the Southern District of Florida, this 17 day of February, 1998.

                                                 **PAUL G. HYMAN**
                                                 PAUL G. HYMAN, JR.
                                             UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:

All parties on the attached list.        EXHIBIT "A"



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO
ASSOCIATION, INC.,
23-7281293,

Case No. 97-22293-BKC-PGH
Chapter 7

Debtor.
_____/

# IMPORTANT NOTICE TO CREDITORS
# THIS IS AN OBJECTION TO YOUR CLAIM

This objection seeks either to disallow or reduce the amount or change the priority status of, the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

If you disagree with the objection or the recommended treatment, you must file a written response WITHIN THIRTY (30) DAYS from the date of this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned Trustee, OR YOUR CLAIM WILL BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

Any written response must be filed with the Clerk of the United States Bankruptcy Court, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, and must contain the case name and number.

### TRUSTEE'S OBJECTIONS TO CLAIMS

JOHN P. BARBEE, TRUSTEE, by and through his undersigned counsel, files the following objections to claims and states:

1. The Trustee objects to Claim No. 1 filed by <u>PETER C. MARTIN</u> as an unsecured non-priority claim in the amount of Five Hundred Sixty Nine Thousand Twelve and 50/100 ($569,012.50) Dollars on the grounds that there is no documentation attached to the Proof of Claim supporting the amount. The documentation provided to the Trustee's counsel by the claimant, is insufficient to quantify the amount of the claim. The Trustee does not dispute that the claimant is the holder of

EXHIBIT "B"

various Judgments against the Debtor. The Trustee merely requests that the Court determine the amount of the claim which is to be allowed as a general unsecured claim in this case.

2.   The Trustee objects to Claim No. 2 filed by <u>MARK and LINDA MENZANO</u> as an unsecured non-priority claim in the amount of One Hundred Thousand and 00/100 ($100,000.00) Dollars on the grounds that there is no documentation attached to the Proof of Claim supporting the amount. The documentation provided to the Trustee's counsel by the claimant, is insufficient to quantify the amount of the claim. The Trustee does not dispute that the claimant is the holder of various Judgments against the Debtor. The Trustee merely requests that the Court determine the amount of the claim which is to be allowed as a general unsecured claim in this case.

3.   The Trustee objects to Claim No. 3 filed by <u>JOHN L. LEWIS</u> as an unsecured non-priority claim in the amount of Five Hundred Sixty Nine Thousand Twelve and 50/100 ($569,012.50) Dollars on the grounds that there is no documentation attached to the Proof of Claim supporting the amount. The documentation provided to the Trustee's counsel by the claimant, is insufficient to quantify the amount of the claim. The Trustee does not dispute that the claimant is the holder of various Judgments against the Debtor. The Trustee merely requests that the Court determine the amount of the claim which is to be allowed as a general unsecured claim in this case.

WHEREFORE, the Trustee respectfully requests that this court enter an Order sustaining the above stated objections and determining the amounts of the claims to be allowed in this case.

I HEREBY CERTIFY that a correct copy of the foregoing, along with the proposed Order submitted, was furnished by first class U.S. Mail,

postage prepaid, to all parties on the annexed list this ___ day of May, 1998. I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this Court set forth in Local Rule 910(A).

>DZIKOWSKI & WALSH
>Attorneys for Trustee
>4300 North University Drive
>Suite A-205
>Fort Lauderdale, Florida  33351
>(954) 748-4377
>
>by _____
>    JOHN L. WALSH
>    FL Bar No. 039586

06-11-1998 12:55PM   FROM DZIKOWSKI              TO .        7689117   P.02

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA

In Re:                                    CASE NO. 97-22293-BKC-PGH

WESTWOOD COMMUNITY TWO                    CHAPTER 7
ASSOCIATION, INC.
23-7281293,

    Debtor.
_____/

### CREDITORS, PETER C. MARTIN, JOHN L. LEWIS, AND MARK AND LINDA MENZANO'S RESPONSE TO TRUSTEE'S OBJECTIONS TO CLAIMS

CREDITORS, PETER C. MARTIN, JOHN L. LEWIS, and MARK AND LINDA MENZANO, by and through their undersigned counsel, respond to the Trustee's Objections to their claims and would state:

1. Substantial portions of the subject claims are unliquidated and a determination will have to be made by the appropriate court or courts as to the allowed amount of the claims.

2. These creditors have provided documentation to the Trustee to support and substantiate their claims.

WHEREFORE, the creditors respectfully request that this Court enter an Order overruling the Trustee's objections and that appropriate relief be granted as necessary to determine the amount of these claims.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 910(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail this _10th_ day of June, 1998 to: John L.

Exhibit

06-11-1998 12:56PM   FROM DZIKOWSKI                    TO           7689117   P.03

North University Drive, Suite A-205, Fort Lauderdale, FL 33351; John Barbee, Trustee, Barbee & Associates, P.A., 4901 N. Federal Highway, Suite 300, Ft. Lauderdale, FL 33308; and United States Trustee, 1204 Federal Building, 51 S.W. First Avenue, Miami, FL 33130.

_____
Fredric C. Buresh, Esquire
707 S.E. Third Ave., Suite 600
Ft. Lauderdale, FL 33316
(954) 763-9330
FL Bar No. 167614

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

WESTWOOD COMMUNITY TWO　　　　　　　　　Case No. 97-22293-BKC-PGH
ASSOCIATION, INC.,　　　　　　　　　　　Chapter 7
23-7281293,

　　　　Debtor.
_____/

### ORDER SETTING FINAL HEARING ON
### TRUSTEE'S OBJECTIONS TO CLAIMS

THIS MATTER came before the Court on March 8, 1999, for a Pretrial Conference on the Trustee's Objections to Claims. The Court having reviewed the Trustee's objections, the claims filed, and the case file, considered the argument and representations of counsel, and being fully advised in the premises, it is

**ORDERED** as follows:

1. A hearing on the Objections to Claim No. 1 filed by Peter C. Martin, Claims No. 2 an 4 filed by Mark and Linda Menzano, and Claim No. 3 filed by John L. Lewis, shall be held before the Visiting Judge, The Honorable Larry Lessen, the week of April 19, 1999. The claimants have indicated that this matter shall take approximately five (5) days.

2. Pursuant to prior Court Order, the requirement that direct testimony of all witnesses be presented in the form of sworn declarations has been stricken.

3. The parties shall appear for a Calendar Call on Monday, April 19, 1999 at 9:30 a.m. at the United States Bankruptcy Court, 51 Southwest First Avenue, Room 1409, Miami, Florida, unless otherwise notified by the Courtroom Deputy, Lorraine Lebron. The

EXHIBIT "C"

parties shall appear at the hearing at anytime during the week of April 19, 1999.

4. No later than Friday, April 16, 1999, the parties shall exchange and file with the Court, their proposed written opening statements and at least two (2) sets of bound and pre-marked exhibits together with an exhibit register. Sufficient copies of the above referenced documents must be provided so that a set is available for each party, the witnesses, and the Judge, as required by Local Rule 9070-1.

5. The parties shall bring at least two (2) courtesy copies of any pleadings, motions, or other documents filed on or after April 9, 1999, to the hearing.

**DONE AND ORDERED** in the Southern District of Florida this _16_ day of March, 1999.

**PAUL G. HYMAN**

PAUL G. HYMAN, JR.
UNITED STATES BANKRUPTCY JUDGE

Copies furnished to:
All parties on the attached list.

ived May-18-99 14:58        from 9547124826 → LAW OFFICES              page 5
05/18/1999  13:55   9547124826        OFFICE OF CIV RIGHTS             PAGE 05

Apr-27-99 09:35A Fredric C. Buresh, P.A.     (954) 763-4725            P.02

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                              CASE NO. 97-22193-BKC-PGH
WESTWOOD COMMUNITY TWO              CHAPTER 7
ASSOCIATION, INC.
23-7281293,
       Debtor.
_____/

**ORDER ON CREDITOR MENZANO'S ORE TENUS MOTION
FOR JUDGMENT ON THE PLEADINGS ON THE ISSUE OF LIABILITY**

THIS MATTER came before the Court on April 19, 1999 on Creditor Menzano's ore tenus Motion For Judgment on the Pleadings On The Issue of Liability and the Court having heard argument of counsel and being otherwise duly advised in the premises, it is hereby ORDERED and ADJUDGED as follows:

1. Said Motion is GRANTED.

2. The Court hereby finds that, with respect to the claims of Creditors Mark and Linda Menzano, the Debtor, Westwood Community Two Association, Inc., has engaged in discriminatory housing practices in violation of §760.20, et seq., Florida Statutes (1997), and 42 U.S.C. §3601, et seq.

DONE AND ORDERED in the Southern District of Florida this 20 day of April, 1999.

LARRY LESSEN
_____
LARRY LESSEN
United States Bankruptcy Judge

Copies furnished to:
Fredric C. Buresh, Esquire

Attorney Buresh shall furnish copies of this Order to all parties on the attached list immediately upon receipt and file a certificate of service with the Court.

EXHIBIT "E"

# CIVIL COVER SHEET

JS 44 (Rev. 12/96)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**  IN RE
WESTWOOD COMMUNITY TWO
ASSOCIATION, DEBTOR

**DEFENDANTS**

99-6625 CIV-ZLOCH
MAGISTRATE JUDGE SELTZER

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
EDWARD KLEIN  1320 NE 4 AVE
FT LAUDERDALE FLA 33301
765-9116

ATTORNEYS (IF KNOWN)
JOHN L WALSH
4500 UNIVERSITY DR
FT LAUDERDALE FL

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION**  RULE 87.4(c)(d)

**VI. CAUSE OF ACTION**  RULE 87.4(c)(d)

0:99cv6625-Zloch

SIGNATURE: Edward Klein
DATE: 5-21-99